UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHASTIDI CORREA,
an individual,

    Plaintiff,

vs.      CASE NO.:

VERENCA INVESTMENTS
INTERNATIONAL INC.,
a Florida Corporation,

    Defendant.
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, CHASTIDI CORREA, by and through her undersigned counsel, hereby files this Complaint and sues VERENCA INVESTMENTS INTERNATIONAL INC., a Florida Corporation, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, CHASTIDI CORREA, (hereinafter referred to as "Ms. Correa") is a resident of the state of Florida in Broward County.

1

4.     Plaintiff is a qualified individual with a disability under the ADA. Plaintiff was severely injured in a workplace accident in 2012 affecting her lower back and elbow. As a result she is permanently disabled.

5.     Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[1]

6.     Defendant VERENCA INVESTMENTS INTERNATIONAL INC., (hereinafter referred to as Defendant) is a Florida Corporation registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements, which is the subject of this action, to wit: generally located at 1000-1050 E. 8th Ave, Hialeah, FL 33010 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7.     All events giving rise to this lawsuit occurred in the Southern District of Florida, Miami-Dade County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.     Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.     The Property, a shopping plaza, is a place of public accommodation subject to the ADA.

10.    Plaintiff has visited the Property, shopped/browsed at many of its stores and restaurants over the last year and plans to visit again in the near future.

---

[1] Plaintiff is capable of walking short distances without assistance.

11. During her visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property in the near future but fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA. However, but for the existing barriers to access, Plaintiff would visit the Property more often.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered her access:

   A. Plaintiff encountered inaccessible disabled use parking spaces throughout the Property due to pavement in disrepair such as cracks and potholes. Additionally, the parking spaces near Ray's Pizza have a ramp which improperly protrudes into the access aisle. These issues caused Plaintiff difficulty getting into and out of her vehicle and maneuvering over the pavement which increased her risk of a fall.

   B. Plaintiff encountered inaccessible disabled use parking spaces throughout the Property due to narrow spaces and faded paint lines which made it more difficult to locate accessible parking and transfer into and out of her vehicle.

      C.      Plaintiff encountered inaccessible curb ramps throughout the Property due to ramps which were not flush and which have excessive slopes and cross slopes. These issues caused Plaintiff difficulty maneuvering over the ramps which increased her risk of a fall.

      D.      Plaintiff encountered inaccessible sidewalks throughout the Property due to disrepair and excessive cracking. Additionally, the pavement going across the alleyway from Rey's Pizza to the rest of the Property has large gaps, cracks and potholes preventing disabled persons from crossing safely. These issues caused Plaintiff difficulty maneuvering over the sidewalks and alleyway and increased her risk of a fall.

      E.      Plaintiff encountered an inaccessible restroom in Rey's Pizza due to a lack of clear floor space, unreasonably heavy door opening force, high mirrors and a lack of pipe insulation under the sink. Due to these issues, Plaintiff remains deterred from using the restroom.

15.      To date, these architectural barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.      Independent of her intent to return as a patron, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.      Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C. That this Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

    D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

    E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: July 10, 2019

                                  Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com


By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq.
(FL Bar #: 597155)
Brian T. Ku, Esq.
(FL Bar # 610461)